406 A.2d 1052

**COMMONWEALTH of Pennsylvania**

v.

**Leroy B. BEACH, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 26, 1978.

Decided June 27, 1979.

Petition for Allowance of Appeal Denied Dec. 6, 1979.

John R. Cook, Assistant Public Defender, Pittsburgh, for appellant.

Charles W. Johns, Assistant District Attorney, for Commonwealth appellee.

Before CERCONE, President Judge, and WIEAND and HOFFMAN, JJ.

CERCONE, President Judge:

The instant appeal arises from appellant's conviction following a jury trial for rape and kidnapping. The jury also found appellant guilty of involuntary deviate sexual intercourse, unlawful restraint, and simple assault, but sentences were suspended on those charges. On appeal appellant alleges that the evidence was insufficient to support the verdict, the court erred in admitting photographs of the scene of the crimes, and trial counsel was ineffective in not investigating the case thoroughly. We find all these allegations of error to be without merit.

■ First, the evidence of appellant's guilt was overwhelming. The well-established test for determining the sufficiency of the evidence, irrespective of whether it is direct, circumstantial, or both, is whether all the evidence and the inferences therefrom, upon which the jury could have based its verdict, are sufficient in law to prove beyond a reasonable doubt the guilt of the accused. *Commonwealth v. Oates*, 448 Pa. 486, 489, 295 A.2d 337 (1972). In the instant case Ms. Beth Shober, the victim, testified as follows. At approximately 1:00 A.M. on September 5, 1976, she had debarked a bus from work several blocks from her Northside apartment, when appellant stopped his automobile as Ms. Shober waited for a traffic light to change and asked her if she wanted to go "partying." She declined his offer and crossed the street. Appellant pursued her, jumped from his car and threatened to hit her with a beer bottle he was holding if she screamed. Ms. Shober screamed anyway, whereupon appellant smacked her on the head and dragged her into his car. He drove her to his apartment in the Hill District of Pittsburgh while holding her head on his lap. Thereafter, for some seventeen hours, he forced Ms. Shober to submit to oral and vaginal intercourse on numerous occasions. When he was not debauching Ms. Shober in that fashion, he kept her bound, gagged, and drugged with sleeping pills. Furthermore, on one occasion he attempted to strangle Ms. Shober with a tourniquet-like device. At 7:00 P.M. that evening, awaking from a drug-induced sleep, Ms. Shober found no one present in the apartment and made

her escape. She untied herself, climbed out the third story window, moved onto the roof of an adjacent building, and walked along its rain gutter to a nearby tree by which she reached the ground. She went immediately to the police who observed that her appearance was consistent with her story. Based upon this evidence the jury certainly was correct in finding appellant guilty of rape and kidnapping. In the prosecution of sex crimes, a verdict may rest on the uncorroborated evidence of the victim. See *Commonwealth v. Mosteller*, 446 Pa. 83, 90, 284 A.2d 786 (1971); *Commonwealth v. Ebert*, 146 Pa.Super. 362, 22 A.2d 610 (1941). Moreover, in the instant case Ms. Shober's testimony was not entirely uncorroborated, which brings us to the second point.

■ As part of their investigation, the police took numerous black-and-white photographs of appellant's apartment, including the room in which the victim was held captive for nearly seventeen hours. These photographs were offered into evidence over appellant's objection that they were unduly prejudicial and inflammatory. In particular, appellant claims the photograph of the Zodiac poster in his bedroom depicting couples in various positions of copulation was unduly prejudicial. The difficulty with appellant's argument is that the poster was one of the salient features of his apartment, according to the victim's testimony, the others being its clutter of worn furniture and nondescript filth. Since appellant's defense was alibi, it was critical that the Commonwealth establish that Ms. Shober was familiar with appellant's apartment, especially its unique details. In this case we cannot agree with appellant that the court abused its discretion in admitting the photographs into evidence. *Commonwealth v. Reese*, 237 Pa.Super. 326, 352 A.2d 143 (1975). The trial court may admit photographs with a potentially prejudicial effect, if the photographs have such essential evidentiary value that their probity clearly outweighs the potential for prejudice. *Commonwealth v. Irwin*, 460 Pa. 296, 333 A.2d 735 (1975). This was such a case.

■ Finally, appellant contends that trial counsel did not pursue his investigation of appellant's defense with the

diligence to which appellant was entitled. Principal among counsel's alleged derelictions, according to appellant, was counsel's failure to seek the suppression of Ms. Shober's identification testimony because of her face-to-face confrontation with appellant at the preliminary hearing. Given the duration of Ms. Shober's devastating experience with appellant, such a motion would have been patently frivolous. Counsel is not ineffective for failing to make prodigal motions. *Commonwealth v. Pape*, 246 Pa.Super. 1, 369 A.2d 780 (1977). Additional matters of "investigation" concerning which counsel was allegedly derelict involved either facts which were in appellant's knowledge or control or were not probative. In sum, counsel's stewardship of this case, including his cross-examination and presentation of appellant's defense was more than adequate. Appellant's cause certainly would not have been aided had counsel displayed the same lack of discipline that appellant displayed at his sentencing hearing. Hence, counsel was effective in the instant case even when his conduct is measured by the standards of *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 (1967), and its rigorous progeny.

Judgments of sentence affirmed.

HOFFMAN, J., concurs in the result.