421 A.2d 693

**COMMONWEALTH of Pennsylvania,**

v.

**Joseph Pete SMITH, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 16, 1979.

Filed March 14, 1980.

Thomas Ruane, Jr., Public Defender, Uniontown, for appellant.

Gerald R. Solomon, District Attorney, Uniontown, for Commonwealth, appellee.

Before SPAETH, HOFFMAN and VAN der VOORT, JJ.

HOFFMAN, Judge:

Appellant contends that: 1) the evidence was insufficient to support the verdict; 2) the verdict was contrary to the weight of the evidence; 3) the statutory rule permitting rape convictions to stand on the uncorroborated testimony of the victim should be reformed; and 4) the trial court erred in barring spectators, including appellant's mother, from the courtroom when the victim began to testify and in surrounding him with guards during the trial. We remand for a hearing to establish the facts regarding the court's order to remove spectators from the courtroom during the trial.

On September 6, 1978, a jury convicted appellant of statutory rape and incest. After denying post–verdict motions, the trial court sentenced appellant to a term of imprisonment of 4 to 8 years for rape, suspended sentence on the charge of incest, and ordered appellant to pay $10.00 to the Crime Victims' Compensation Fund. This appeal followed.

■ The victim, appellant's daughter, was 12 years old at the time of the incident and 14 at the time of trial. She testified that appellant had raped her. This evidence is sufficient to support the verdict. See 18 Pa.C.S.A. § 3122 (statutory rape); 18 Pa.C.S.A. § 4302 (incest). Appellant argues that the verdict is against the weight of the evidence because his own testimony contradicted the victim's account and her testimony was unreliable. He attacks her testimony on the grounds that she was only 12 at the time of the incident, she waited 5 days to report it, and approximately 18 months elapsed between the report and trial. The contradictory testimony of the two witnesses and the victim's slight delay in reporting the incident raised issues of credi-

bility for the jurors to resolve. *See, e. g., Commonwealth v. Martin*, 481 Pa. 515, 393 A.2d 23 (1978). Appellant's speculation that the victim, because of her age and the delay until trial, may have invented her testimony presents no factual basis for disturbing the verdict.

■ Appellant next contends that the statutory rule permitting conviction for rape upon the victim's uncorroborated testimony should be "reformed" because such testimony is unreliable. The provision of the Crimes Code which adopts this rule, 18 Pa.C.S.A. § 3106, is based upon court decisions holding that such testimony is not inherently unreliable. *See Commonwealth v. Beach*, 267 Pa.Super. 303, 406 A.2d 1052 (1979). If the statute should be amended, the legislature, not this Court, is the proper forum for appellant's complaint. Significantly, appellant has not alleged that the statute is unconstitutional. Thus, we may not strike down § 3106 on that basis. *See Wiegand v. Wiegand*, 461 Pa. 482, 337 A.2d 256 (1975) (Superior Court may not *sua sponte* consider constitutional issue not raised by parties). Accordingly, the trial court properly relied on § 3106 in permitting the uncorroborated testimony of the victim to support the verdict.

■ Finally, appellant asserts that the trial court erred in removing all spectators from the courtroom and surrounding him with guards. Where a rape victim testifies to facts which could prove embarrassing or painful to her, a trial court has authority to exclude spectators from the trial temporarily. *See Commonwealth v. Stevens*, 237 Pa.Super. 457, 352 A.2d 509 (1975). The trial court relied on this authority in justifying its decision. In its post–verdict opinion, the court also noted that appellant had "exhibited very hostile tendencies while before the Court" and "suffered from certain physical infirmities . . . which could have required immediate attention."

■ We are unable to decide this issue on the record now before us. The record does not reveal whether the trial court actually ordered the removal of spectators and the

guarding of appellant, whether appellant objected to any such orders,* the length of time such orders were in effect, or any other fact which might permit an appellate court to review the claim. *See Commonwealth v. Jasper,* 472 Pa. 226, 372 A.2d 395 (1976) (appellate court may consider only facts of record). Accordingly, we must remand for a hearing to enable the parties and the trial court to supplement the record on these matters. *Cf. Commonwealth v. Twiggs,* 460 Pa. 105, 331 A.2d 440 (1975) (remand for hearing to establish facts underlying allegation of ineffective assistance of counsel).

Judgment of sentence vacated and case remanded for proceedings consistent with this opinion.

---

\* Indeed, if appellant failed to object at trial to such orders, his present assertion of error would be waived. *Commonwealth v. Clair,* 458 Pa. 418, 326 A.2d 272 (1974).