421 A.2d 695

**COMMONWEALTH of Pennsylvania**

v.

**Joseph Pete SMITH, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 16, 1979.

Filed Aug. 15, 1980.

---

Thomas Ruane, Jr., Public Defender, Uniontown, for appellant.

Gerald R. Solomon, District Attorney, Uniontown, for Commonwealth, appellee.

Before SPAETH, HOFFMAN and VAN der VOORT, JJ.

PER CURIAM:

This appeal is again before us after proceedings conducted in the lower court pursuant to an order of this Court entered on March 14, 1980. In *Commonwealth v. Smith*, 280 Pa.Super. 222, 421 A.2d 693 (1980), we remanded the case "for a hearing to enable the parties and the trial court to supplement the record" regarding appellant's claims that the trial court's exclusion of spectators from the courtroom and stationing of guards near appellant during trial had deprived him of a fair trial. 280 Pa.Super. at 226, 421 A.2d at 694. We were unable to evaluate the merits of these claims because the existing record did "not reveal whether the trial court actually ordered the removal of spectators and the guarding of appellant, whether appellant objected to any such orders, the length of time such orders were in effect, or any other fact which might permit an appellate court to

review the claim." 280 Pa.Super. at 225–226, 421 A.2d at 694 (footnote omitted). We noted, moreover, that "if appellant failed to object at trial to such orders, his present assertion of error would be waived. *Commonwealth v. Clair*, 458 Pa. 418, 326 A.2d 272 (1974)." 280 Pa.Super. at 226 n.*, 421 A.2d at 694 n.*.

On May 15, 1980, the lower court conducted a hearing in accordance with our order of remand. At that hearing appellant's trial counsel conceded upon questioning by the court that he had not objected at trial either to the exclusion of spectators or the stationing of guards near appellant during the trial. Accordingly, appellant's claims of error in these matters have not been preserved for our review. *Commonwealth v. Clair, supra.*

Judgment of sentence reinstated.