584 A.2d 992

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Paul CODY, Appellant.**

Superior Court of Pennsylvania.

Argued Nov. 7, 1990.

Filed Jan. 4, 1991.

Petition for Allowance of Appeal
Denied May 8, 1991.

John Woodcock, Jr., Public Defender, Hollidaysburg, for appellant.

David Gorman, Asst. Dist. Atty., Hollidaysburg, for Com., appellee.

Before DEL SOLE, BECK and HUDOCK, JJ.

HUDOCK, Judge:

This is an appeal from the judgment of sentence imposed upon Appellant after he was found guilty, at the conclusion of a jury trial, of involuntary deviate sexual intercourse, indecent assault and corruption of minors. Timely filed post-verdict motions were denied by the trial court and Appellant was sentenced to an aggregate term of five to ten years incarceration. This direct appeal followed.

Appellant's convictions were the result of an incident that took place on February 13, 1987 at the Waffle King Restaurant in the City of Altoona. This restaurant was owned by Appellant, and Sherri Ann Knox (the victim) worked there as a hostess. Prior to closing, the victim was told to go to the basement in order to replenish the cookies used at the restaurant. The victim was followed by the Appellant, who then sexually assaulted her there.

The first claim raised by Appellant is whether the evidence introduced by the Commonwealth was sufficient to prove Appellant's guilt beyond a reasonable doubt. In order to review this claim, we must accept all evidence and all reasonable inferences therefrom, upon which the fact-finder could have based the verdict, in order to determine whether the Commonwealth's evidence was legally sufficient to support the verdict. Only where the evidence, when so viewed, is insufficient to establish guilt beyond a reasonable doubt as to the crimes charged is relief granted.

*Commonwealth v. Robinson,* 351 Pa.Super. 309, 505 A.2d 997 (1986).

In a prosecution for sex offenses, a verdict may rest on the uncorroborated testimony of the victim. 18 Pa.C.S.A. § 3106; *Commonwealth v. Smith,* 280 Pa.Super. 222, 421 A.2d 693 (1980). Thus, in the present case, the victim's testimony alone provided sufficient evidence to establish the crimes, with which Appellant was convicted, beyond a reasonable doubt. The discrepancies alleged by Appellant at trial, as to the victim's description of the assault, and in prior proceedings and reports of medical personnel, are not significant and cannot be said to render the evidence insufficient. Therefore, this claim is without merit.[1]

Appellant next claims that he was denied a fair trial when his pre-trial motion to obtain the police reports and statements of all witnesses was denied. More specifically, Appellant claims that he was denied the statement of Sally Schmidt, an alibi witness, whose statement was later used by the Commonwealth during the presentation of its case in chief. While this claim, as stated, has some appeal, a close examination of the record reveals that it is without merit.

In the present case, Appellant filed a notice of an alibi defense and identified several alibi witnesses, including Sally Schmidt. Pa.R.Crim.P., Rule 305(C)(1)(a), 42 Pa.C.S.A. The Commonwealth did not file, as required by rule, the names and addresses of any persons who would be called as witnesses to disprove the alibi defense. Pa.R.Crim.P., Rule 305(C)(1)(c), 42 Pa.C.S.A. At trial, Sally Schmidt was called by the Commonwealth and a request was made that she be declared a hostile witness. This request was granted by the trial court.

Appellant claims that he should have received the statements made by Ms. Schmidt, since she was called by the

---

1. Appellant also couches this claim in terms of the jury's verdict being against the weight of the evidence. Since such a claim basically turns on the credibility of the witnesses, such an issue is not appealable to this Court. *Commonwealth v. Nelson,* 514 Pa. 262, 271, n. 3, 523 A.2d 728, 733, n. 3 (1987); *Commonwealth v. Fuller,* 396 Pa.Super. 605, 579 A.2d 879 (1990).

Commonwealth to rebut his alibi defense. Appellant's alibi was that he was located in the main dining room, having dinner, during the alleged offense. A careful review of the record, however, reveals that the testimony elicited from Ms. Schmidt by the Commonwealth did not rebut Appellant's alibi. Indeed, Appellant admits that the only reason the Commonwealth called her as of cross was that she gave conflicting statements as to whether she was working on February 14, 1987, the day after the alleged incident. (N.T. at p. 140). Thus, Appellant was not entitled to Ms. Schmidt's statements pursuant to Pa.R.Crim.P., Rule 305(C)(1)(c), *supra.*

■ As a related claim, Appellant argues that the trial court erred in qualifying Ms. Schmidt as a hostile witness. We do not agree. The Commonwealth may utilize the prior inconsistent statement of a non-party witness to impeach the credibility of that witness, and also for the substantive value of the prior inconsistent statement, as long as the witness was available for cross-examination by the defense. *Commonwealth v. Brady*, 510 Pa. 123, 507 A.2d 66 (1986). As in *Brady*, both the Commonwealth and Appellant questioned Ms. Schmidt as to the validity of her statements, and the jury was given the opportunity to observe her demeanor, hear her explanations for the inconsistency, and assess her credibility. Thus, Appellant's claim is without merit.

■ Appellant next claims that the trial court erred in allowing the Commonwealth to present evidence that he failed to report to the police the fact that he was assaulted by David B. Riley, the victim's boyfriend. Appellant claims that this evidence was irrelevant. We do not agree. Matters relating to the admissibility of evidence are controlled by the trial court's discretion and an appellate court will not reverse the trial court's ruling absent a clear abuse of discretion. *In Interest of Hyduke*, 371 Pa.Super. 380, 538 A.2d 66 (1988). Evidence is admissible in a criminal case if it logically or reasonably tends to prove or disprove a material fact in issue, tends to make such a fact more or less probable, or if it is a basis for or supports a reasonable

inference or presumption regarding the existence of a material fact. *Commonwealth v. Davis*, 381 Pa.Super. 483, 554 A.2d 104 (1989). With these standards in mind, we shall review Appellant's claim.

Mr. Riley testified that he assaulted Appellant and informed him that the basis for the attack was in retaliation for the assault of the victim. The testimony at trial established the following facts regarding the incident: Mr. Riley entered the restaurant and asked Appellant for an application while waiting for an elderly couple to leave the area. After they left, Mr. Riley started to yell at Appellant and "poke him in the face a couple times." (N.T. at p. 87). Mr. Riley then asked Appellant if "he like[d] messin' around with young girls like my girlfriend Sherri Knox. (N.T. at p. 88). After denying that he knew what Mr. Riley was talking about, Appellant asked the other man to go with him into his office. Mr. Riley then pushed Appellant, pulled an oak club out from beneath his jacket and hit him four or five times in the head. Appellant then fell to the floor and Mr. Riley left the restaurant. Mr. Riley was neither prosecuted for this assault upon Appellant nor was it ever brought to his attention that a report had been filed as a result of the incident. Appellant testified that he did not know who Mr. Riley was when he was attacked by him. However, that same day, after he was informed that the victim called off work, Appellant testified that he realized the identity of Mr. Riley.

Upon reviewing these facts in the context of the entire record, we conclude that the trial court did not abuse its discretion in allowing this evidence since it was relevant to Appellant's knowledge of guilt. Moreover, the conduct of a criminal defendant indicating such a "consciousness of guilt" is admissible as an implied admission. *See e.g., Commonwealth v. Berrios*, 495 Pa. 444, 434 A.2d 1173 (1981) (flight or concealment of whereabouts or identity); *Commonwealth v. Glass*, 486 Pa. 334, 405 A.2d 1236 (1979) (false denial of guilt). As in these cited cases, the failure to report the vicious assault in the present case provided

relevant information tending to infer Appellant was aware of his guilt. Finally, Appellant, in his brief, does not allege any specific prejudice caused by the admission of this evidence. Appellant's analogizing the admission of this evidence to a comment on his post-silence arrest is without merit.

■ Appellant next claims that the trial court erred in allowing the Commonwealth to call witnesses to testify concerning the victim's demeanor after the alleged incident. Upon review of the record, this Court finds that the trial court was careful in restricting the lay opinion testimony from the Commonwealth to physical observations of the victim after the alleged assault. The trial court remained steadfast in its refusal to allow any witness to testify as to the victim's emotional state. The existence of a readily observable physical condition, which does not require a complex application of technical knowledge, can as easily be ascertained by a lay person as by a trained expert. *See Commonwealth v. Green*, 251 Pa.Super. 318, 380 A.2d 798 (1977). Thus, the trial court did not err in allowing such testimony.

■ A related claim made by Appellant is that by allowing the Commonwealth to elicit testimony regarding the victim's physical appearance by a crisis center counselor was error since the jury would believe she was a witness who had experience in dealing with rape victims. Appellant concludes that the jury would consider her testimony as that of an expert, even though the trial court refused to qualify her as an expert at trial.

An examination of the record demonstrates that such an assertion is without merit. At a side-bar conference, the trial court specifically instructed the attorney for the Commonwealth that an expression of opinion was not to be elicited from this witness. (N.T. at p. 132). In her brief testimony, the witness, Patricia Johnson, identified herself as a community crisis counselor at the Community Crisis Center at Altoona Hospital. Other than this identification,

the remainder of her testimony consisted of nothing more than physical observations of the victim; it did not indicate that the conduct and the appearance of the victim was consistent with those normally attributable to sexual assault victims. Thus, the jury was not presented with any testimony from Ms. Johnson by which they could reasonably expect her to be an expert. The mere identification of her occupation, without more, is insufficient to demonstrate any prejudice to Appellant.

■ Appellant's final claim is that the trial court erred in preventing him from obtaining the rape counselling records of the victim. As part of the omnibus pre-trial motions filed by Appellant, a request was made that Appellant be permitted to inspect the records of the Sexual Assault Volunteer Effort (SAVE) concerning the interviewing and counselling of the victim. The trial court denied this request, citing the privilege conferred to sexual assault counselors at 42 Pa.C. S.A. § 5945.1(b).[2] In denying this request, the trial court also stated that any subpoena that may have been issued to SAVE or any of its authorized representatives was quashed.

Appellant now claims that his basis for requesting the records was to ascertain what the victim told the counselors about the facts of the alleged offense. The Commonwealth claims the recent United States Supreme Court decision in *Pennsylvania v. Ritchie*, 480 U.S. 39, 107 S.Ct. 989, 94 L.Ed.2d 40 (1987), brought about a change in the law, in regard to the privilege which attaches to these records, between the time of Appellant's trial and this decision. Thus, Appellant claims that the merit of Appellant's claim depends upon whether the decision in *Ritchie* is applied retroactively or prospectively. However, we need not address the accurateness of this issue, as framed by the Commonwealth, since its resolution is not necessary to a decision regarding Appellant's claim.

**2.** In the order, the trial court inadvertently cited this section as 42 Pa.C.S.A. § 5946(b).

Although the United States Supreme Court intimated in dicta in *Ritchie* that an unqualified statutory privilege for communications between sexual assault counselors and victims was granted by 42 Pa.C.S.A. § 5945.1(b), appellate decisions in Pennsylvania have consistently held otherwise. The law in this area is quite clear. When such a request is made, the trial court is to conduct an *in camera* inspection of the records. The trial court is to review the records and determine if the file contains any "statements" of the victim which may bear on the facts of the alleged offense. Not only are these statements to be verbatim declarations of the victim and acknowledged as accurate by her, but they must have a direct relationship to the facts of the alleged offense and not to counselling services provided to the victim. *In the Matter of Pittsburgh Action Against Rape* (PAAR), 494 Pa. 15, 428 A.2d 126 (1981).

Subsequent to *PAAR*, the Legislature enacted the statute which granted sexual assault counselors a privilege regarding the confidential communications made to them by victims of sexual offenses. Act of 1981, December 23, P.L. No. 169, section 1. This statute was codified at 42 Pa.C. S.A. § 5945.1. Subsection (b) of this section grants sexual assault counselors a privilege not to be examined in any court proceeding without the prior written consent of the victim. 42 Pa.C.S.A. § 5945.1(b). This legislation was the likely result of the Pennsylvania Supreme Court's failure to find a common law absolute privilege regarding these communications.

In cases decided subsequent to the enactment of this statute, however, this Court has held that the privilege granted by § 5945.1(b) is inapplicable to a situation where the criminal defendant does not attempt to call a sexual assault counselor as a witness. *Commonwealth v. Samuels*, 354 Pa.Super. 128, 511 A.2d 221 (1986); *Commonwealth v. Wilson*, 375 Pa.Super. 580, 544 A.2d 1381 (1988). In such a situation, the trial court is to engage in an *in camera* inspection of the records in accordance with the guidelines first set forth in *PAAR, supra.* Thus, since

Appellant only desired a review of the SAVE files to discover any statements made by the victim to the counselor, which would relate to the facts surrounding the alleged offense, the trial court should have conducted an *in camera* inspection of the SAVE records. Accordingly, the judgment of sentence is vacated. We remand to the trial court for an *in camera* proceeding consistent with this opinion. If the court concludes that any or all of the materials released to it by SAVE are statements of the victim that should have been disclosed to Appellant and the jury, then a new trial shall be granted. If, however, the court concludes that the materials are not statements of the victim, or are statements relating only to counseling services, and thus outside the scope of review permitted Appellant, the court shall reimpose sentence.

Case remanded for proceedings consistent with this opinion. Jurisdiction relinquished.

BECK, J., concurs in the result.

DEL SOLE, J., files a concurring and dissenting statement.

DEL SOLE, Judge, concurring and dissenting statement.

I join the majority's analysis in all respects save one. I would find that the trial court erred in admitting the testimony of David B. Riley and, therefore, I would grant a new trial. The admission of this testimony does not evidence guilt as suggested by the majority. Rather, there can be many reasons why an assault is not reported to the police not the least of which is that the owner of a restaurant would not want the publicity associated with an assault at the place of business.