J-S62040-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DAVID BRICKER | |
| Appellant | No. 849 WDA 2015 |

Appeal from the Judgment of Sentence May 13, 2015
In the Court of Common Pleas of Fayette County
Criminal Division at No(s): CP-26-CR-0000835-2014

BEFORE:  GANTMAN, P.J., JENKINS, J., and PLATT, J.*

MEMORANDUM BY GANTMAN, P.J.:          **FILED DECEMBER 29, 2015**

Appellant, David Bricker, appeals from the judgment of sentence entered in the Fayette County Court of Common Pleas, following his jury trial convictions of unlawful contact with a minor—sexual offenses, indecent assault—complainant less than sixteen (16) years of age, and harassment.[1] We affirm.

The trial court summarized the relevant facts and procedural history of this case as follows:

> In October of 2013,…the minor victim, met Appellant David Bricker through her neighbor, Lora Rulli, who was dating Appellant at the time.  Ms. Rulli knew Appellant as David Kennedy and introduced him to the victim as such.  After

---

[1] 18 Pa.C.S.A. §§ 6318(a)(1), 3126(a)(8), and 2709(a)(1), respectively.

---

*Retired Senior Judge assigned to the Superior Court.

they met, Appellant and the victim started communicating with each other. Their communications took many forms, whether it was in person or electronically. The victim testified she obtained Appellant's online contact information from Appellant so they could communicate with each other over the internet. She testified they would communicate online "every once in a while" and the content of the conversations included things only the two of them knew about. Specifically, [the victim] testified [Appellant] would tell her he wanted to be with her and he wanted to marry her.

One afternoon in November of 2013, Ms. Rulli and Appellant asked the victim and her brother…to help clean [Ms. Rulli's] attic. Appellant, the victim, and her brother were cleaning the attic; Ms. Rulli only came up to the attic periodically. While they were cleaning the attic, Appellant on several occasions asked the victim's brother to take chairs downstairs, leaving the victim and Appellant alone in the attic.

While Appellant was alone in the attic with the victim, he told her that he loved her and not to tell anyone. Appellant also kissed the victim on the lips and grabbed and squeezed her buttocks. This was corroborated by the victim's brother, who testified that before he went downstairs, he saw Appellant kiss his sister on the lips and [grab] her buttocks.

About a month later, Patrick Ruff, a Connellsville City Police Officer, was notified that the victim's father found messages between Appellant and the victim. The case was initially reported to Officer Ruff regarding a person named David Kennedy; however, throughout his investigation, Officer Ruff ascertained David Kennedy's real name to be David Allen Bricker. Officer Ruff also determined [the victim's] date of birth is…and Appellant's date of birth is…. Therefore[,] the child victim was fifteen (15) years of age and [Appellant] was fifty-one (51) years of age at the time of the offense.

(Trial Court Opinion, filed July 27, 2015, at 2-4) (internal footnote and citations to record omitted). At the beginning of Appellant's trial, defense

- 2 -

counsel filed an oral motion *in limine* to exclude any alleged text messages, emails, or internet messages between Appellant and the victim, as well as any related testimony. Defense counsel argued the Commonwealth had not properly authenticated that Appellant had sent any of the messages. The court denied the motion.

On February 5, 2015, a jury convicted Appellant of unlawful contact with a minor—sexual offenses, indecent assault—complainant less than 16 years of age, and harassment. That same day, the court sentenced Appellant to an aggregate term of three and one-half (3½) to seven (7) years' imprisonment. The court also deemed Appellant to be a sexually violent predator ("SVP"), which subjects Appellant to a lifetime registration under the Sex Offender Registration and Notification Act ("SORNA").[2] Appellant timely filed a post-sentence motion, which the court denied on May 18, 2015. On May 27, 2015, Appellant timely filed a notice of appeal. The court ordered Appellant on May 28, 2015, to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Appellant timely complied on May 29, 2015.

Appellant raises the following issues for our review:

---

[2] "[SORNA], commonly referred to as the Adam Walsh Act, became effective on December 20, 2012. By its terms, any individual who was then being supervised by the board of probation or parole was subject to its provisions." ***Commonwealth v. Partee***, 86 A.3d 245, 246 (Pa.Super. 2014). SORNA replaced Megan's Law as the statute governing the registration and supervision of sex offenders.

> DID THE TRIAL COURT ERR IN DENYING APPELLANT'S MOTION *IN LIMINE*, WHICH SOUGHT TO EXCLUDE EMAILS AND TEXT MESSAGES PURPORTEDLY AUTHORED BY APPELLANT TO COMPLAINANT AND ALL TESTIMONY CONCERNING SAID EMAILS AND TEXT MESSAGES?
>
> DID THE COMMONWEALTH FAIL TO PROVIDE SUFFICIENT EVIDENCE TO PROVE BEYOND A REASONABLE DOUBT THAT APPELLANT INTENTIONALLY CONTACTED THE COMPLAINANT FOR THE PURPOSE OF ENGAGING IN AN ACTIVITY PROHIBITED UNDER CHAPTER 31 OF THE CRIMES CODE?
>
> DID THE COMMONWEALTH FAIL TO PROVIDE SUFFICIENT EVIDENCE TO PROVE BEYOND A REASONABLE DOUBT THAT APPELLANT HAD INDECENT CONTACT AS DEFINED PURSUANT TO 18 PA.C.S.A. § 3101 WITH COMPLAINANT?
>
> DID THE SENTENCING COURT IMPOSE A HARSH, SEVERE, AND MANIFESTLY UNREASONABLE AND EXCESSIVE SENTENCE IN LIGHT OF THE CIRCUMSTANCES SURROUNDING THE ALLEGED INCIDENT?

(Appellant's Brief at 8).[3]

In his first issue, Appellant argues his motion *in limine* to exclude all electronic messages allegedly between Appellant and the victim, and all related testimony, should have been granted. Appellant alleges the Commonwealth attempted to circumvent the Rules of Evidence by failing to present the actual messages and merely providing testimony that Appellant had sent the electronic messages to the victim, as well as testimony regarding a summary of the messages. Appellant contends the

---

[3] We note the summary of the argument section in Appellant's brief appears to be for a different case.

Commonwealth did not properly authenticate the electronic messages, which could have been forged over the internet. Appellant claims the Commonwealth did not present any evidence to show Appellant authored the messages. Appellant avers the Commonwealth also failed to present evidence regarding the specifics of Appellant's alleged instructions to the victim on how to contact him, Appellant's screenname, when the communications occurred, how the messages were exchanged, or what specific topics of conversation would have been known only to Appellant and the victim. Appellant maintains he suffered undue prejudice from the admission of testimony concerning the electronic messages. Appellant concludes this Court should remand for a new trial. We disagree.

"Admission of evidence is within the sound discretion of the trial court and will be reversed only upon a showing that the trial court clearly abused its discretion." *Commonwealth v. Drumheller*, 570 Pa. 117, 135, 808 A.2d 893, 904 (2002), *cert. denied*, 539 U.S. 919, 123 S.Ct. 2284, 156 L.Ed.2d 137 (2003) (quoting *Commonwealth v. Stallworth*, 566 Pa. 349, 363, 781 A.2d 110, 117 (2001)). "An abuse of discretion is not merely an error of judgment, but is rather the overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by the evidence of record." *Commonwealth v. Harris*, 884 A.2d 920, 924 (Pa.Super. 2005), *appeal denied*, 593 Pa. 726, 928 A.2d 1289 (2007).

Relevance is the threshold for admissibility of evidence. ***Commonwealth v. Cook***, 597 Pa. 572, 602, 952 A.2d 594, 612 (2008).

> Admissibility depends on relevance and probative value. Evidence is relevant if it logically tends to establish a material fact in the case, tends to make a fact at issue more or less probable or supports a reasonable inference or presumption regarding a material fact.

***Drumheller, supra*** at 135, 808 A.2d at 904 (quoting ***Stallworth, supra*** at 363, 781 A.2d at 117-18). "Evidence that is not relevant is not admissible." Pa.R.E. 402. "The court may exclude relevant evidence if its probative value is outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Pa.R.E. 403.

Instantly, the court discussed:

> "To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Pa.R.E. 901(a). Here, the Commonwealth did not admit into evidence any physical evidence regarding electronic communications between the victim and Appellant. Instead, the only mention of said communications came from witness testimony, specifically from the victim. The victim testified that Appellant gave her his online contact information so that they could communicate with each other. Moreover, the victim testified that the conversations between her and Appellant on the chat thread were only about things that she and Appellant knew about.
>
> It is the role of the jury to determine the credibility and believability of a witness and to determine the weight their testimony is to be given. ***Commonwealth v. Feathers***, 660 A.2d 90, 95 (Pa.Super. 1995). Since only testimony was presented on the issue, it was up to the jury to

- 6 -

determine whether they believed the victim's testimony. Therefore, Appellant's first concise issue is without merit.

(Trial Court Opinion at 4-5). We accept the court's conclusions. Thus, Appellant's first issue merits no relief.

In his second and third issues combined, Appellant argues there was insufficient evidence to convict him of unlawful contact with a minor—sexual offenses, and indecent assault—complainant less than 16 years of age. Specifically, Appellant claims the Commonwealth failed to present sufficient evidence to prove Appellant intentionally contacted the victim for the purpose of engaging in a sexual offense. Appellant alleges there was no testimony that Appellant contacted the victim in an attempt to get her alone or to engage in indecent contact. Appellant maintains the evidence shows the alleged contact was the result of a spontaneous moment between Appellant and the victim when Appellant and his girlfriend, Ms. Rulli, asked the victim and her brother to help clean Ms. Rulli's attic. Appellant concludes he should be granted a judgment of acquittal for unlawful contact with a minor.

Appellant also argues that the Commonwealth failed to present sufficient evidence to show Appellant intentionally touched the victim for the purpose of arousing or gratifying a sexual desire in Appellant or the victim. Appellant avers the testimony merely alleged Appellant kissed the victim and touched her buttocks. Appellant maintains, however, that the testimony failed to prove the alleged contact was an intimate moment between

Appellant and the victim, or that it was even sexual in nature and arose to the level of indecent contact. Appellant concludes he should be granted a judgment of acquittal for indecent assault. We disagree with Appellant's contentions.

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Joseph M. George, Jr., we conclude Appellant's issues two and three merit no relief. The court's opinion comprehensively discusses and properly disposes of the sufficiency of the evidence questions presented. (*See* Trial Court Opinion at 6-9) (finding: **(2)** Appellant had contact with victim on multiple occasions, including when Appellant communicated with victim through internet messaging, and when Appellant kissed victim on her lips and grabbed and squeezed her buttocks while in Ms. Rulli's attic in November 2013; Appellant's electronic and physical contact with victim was intentional; victim testified she received Appellant's online information directly from Appellant; Appellant would not have given victim information if he had no intent to communicate with her; regardless of who created online account, act of getting on computer, signing into account, and communicating with victim goes toward Appellant's intent to contact victim; testimony indicated victim was born in July 1998, and was 15 year-old minor at time of incident; Commonwealth established electronic communication was for purpose of engaging in indecent assault; victim testified that content of internet

messaging included how Appellant wanted to be with victim and marry her; Appellant made victim's brother take chairs from attic down to basement, which left Appellant alone with victim; jury could reasonably conclude Appellant's actions were for purpose of engaging in sexual act with victim; Commonwealth satisfied its burden; Appellant's claim merits no relief; **(3)** victim testified Appellant kissed her on her lips and grabbed and squeezed her buttocks; victim's testimony was corroborated by her brother, who testified that he saw Appellant kiss victim and grab her buttocks; victim's lips and buttocks are sexual or intimate parts of person; jury reasonably concluded that electronic communication and physical contact were for purpose of arousing or gratifying Appellant's sexual desire where victim testified Appellant told her he loved her and wanted to marry her). The record supports the court's decision; therefore, we have no reason to disturb it. Accordingly, we affirm on the basis of the court's opinion.

In his fourth issue, Appellant argues his sentence of three and one-half (3½) to seven (7) years' imprisonment is manifestly unreasonable and excessive in light of the circumstances. Specifically, Appellant claims he was sentenced above the aggravated range for unlawful contact with a minor. Appellant contends he has a prior record score of four, and the offense gravity score for unlawful contact with a minor is six; therefore, a standard range sentence is fifteen to twenty-one months' imprisonment, with a mitigated range of nine months' imprisonment, and an aggravated range of

twenty-seven months' imprisonment. Appellant states his sentence of forty-two to eighty-four months' imprisonment falls outside the sentencing range guidelines, and the court failed to state its reasons for sentencing Appellant above the aggravated range. Appellant alleges the court merely stated it had taken into consideration the serious nature of the offense, the relative ages of Appellant and the victim, Appellant's prior conviction, and Appellant's lack of remorse without indicating a factual or specific basis for its decision. Appellant maintains the court failed to provide further justification for the sentence. Appellant concludes this Court should vacate his judgment of sentence and remand for resentencing. Appellant challenges the discretionary aspects of his sentence. *See Commonwealth v. Dunphy*, 20 A.3d 1215 (Pa.Super. 2011) (stating claim that sentencing court failed to offer adequate reasons to support sentence challenges discretionary aspects of sentencing); *Commonwealth v. Lutes*, 793 A.2d 949 (Pa.Super. 2002) (stating claim that sentence is manifestly excessive challenges discretionary aspects of sentencing).

Appellant also argues his lifetime registration requirement as a Tier III offender under SORNA is illegal and unconstitutional. Appellant contends the imposition of an additional lifetime registration requirement exceeds the statutory maximum for unlawful contact with a minor. Appellant maintains his lifetime registration requirement violates the Pennsylvania and United States Constitutions' prohibition against cruel and unusual punishment.

Appellant concludes this Court should hold his registration requirement is unconstitutional. We disagree with Appellant's contentions.

Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. **Sierra, supra**. Prior to reaching the merits of a discretionary sentencing issue:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, **See** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **See** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

**Commonwealth v. Evans**, 901 A.2d 528, 533 (Pa.Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006).

When appealing the discretionary aspects of a sentence, an appellant must invoke the appellate court's jurisdiction by including in his brief a separate concise statement demonstrating that there is a substantial question as to the appropriateness of the sentence under the Sentencing Code. **Commonwealth v. Mouzon**, 571 Pa. 419, 812 A.2d 617 (2002); Pa.R.A.P. 2119(f). The concise statement must indicate "where the sentence falls in relation to the sentencing guidelines and what particular provision of the code it violates." **Commonwealth v. Kiesel**, 854 A.2d 530, 532 (Pa.Super. 2004) (quoting **Commonwealth v. Goggins**, 748 A.2d 721, 727 (Pa.Super. 2000), *appeal denied,* 563 Pa. 672, 759 A.2d 920

- 11 -

(2000)).

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. **Anderson, supra**. A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." **Sierra, supra** at 912-13. A claim that a sentence is manifestly excessive might raise a substantial question if the appellant's Rule 2119(f) statement sufficiently articulates the manner in which the sentence imposed violates a specific provision of the Sentencing Code or the norms underlying the sentencing process. **Mouzon, supra** at 435, 812 A.2d at 627. "An allegation that a judge 'failed to offer specific reasons for [a] sentence does raise a substantial question.'" **Dunphy, supra** at 1222 (quoting **Commonwealth v. Reynolds**, 835 A.2d 720, 734 (Pa.Super. 2003)).

As a prefatory matter, Appellant failed to include a Rule 2119(f) statement in his appellate brief. **See Evan, supra**. Nevertheless, the Commonwealth did not object. Thus, we will address the merits of Appellant's discretionary aspects of sentencing claim. **See Commonwealth v. Brougher**, 978 A.2d 373, 375 (Pa.Super. 2004) (determining Commonwealth's failure to object to absence of appellant's Rule 2119(f) statement does not require waiver of appellant's discretionary aspects of

sentencing claim).

Furthermore, the court concluded:

Appellant was convicted of Unlawful Contact with a Minor, Indecent Assault, Person Less Than 16 Years of Age, and Harassment. Appellant was thereafter sentenced on the Unlawful Contact with a Minor conviction to a term of imprisonment of not less than 3½ years nor more than 7 years. Appellant's sentence did not exceed the statutory maximum. Unlawful Contact with a Minor is a felony of the third degree, which carries with it a maximum of seven years. 18 Pa. C.S. § 1103(3). Appellant was sentenced up to seven years, falling within the maximum sentence.

Under the provisions of the Pennsylvania Sentencing Guidelines, Unlawful Contact with a Minor carries with it an offense gravity score of six. Taking into consideration Appellant's prior record score of four, the guidelines called for a standard range minimum of 15 to 21 months, an aggravated range minimum of 21 to 27 months, and a mitigated range minimum of 9 to 15 months. The sentence imposed by the [c]ourt of not less than 3½ years nor more than 7 years fell above the aggravated range.

Although Appellant's sentence fell outside the guidelines, his sentence was appropriate. The sentencing guidelines, though important, are only one factor, and they do not create a presumption. ***Commonwealth v. Walls***, 592 Pa. 557, 575, 926 A.2d 957, 967 (2007). Thus, the guidelines are merely advisory and not binding on the [c]ourt. ***Commonwealth v. Feucht***, 955 A.2d 377, 383 (Pa.Super. 2008). It is only required that the [c]ourt provide a contemporaneous written statement if it deviates from the guidelines. ***Id.***

When a sentencing court deviates from the sentencing guidelines, it is important that the [c]ourt reflect a consideration of the sentencing guidelines, the background and character of the defendant, the circumstances of the crime, and impose a sentence that is consistent with the protection of the public and the rehabilitative needs of the defendant. ***Commonwealth v. Hoch***, 936 A.2d 515 (Pa.Super. 2007). Following the imposition of sentence,

- 13 -

the [c]ourt placed on the record the reason why it departed from the sentencing guidelines.

> As a departure, the [c]ourt, having imposed this sentence above the aggravated sentencing guideline range, has done so due to the serious nature of this offense, the prior Allegheny County rape conviction, [Appellant's] complete lack of remorse, the age of the victim at fifteen at the time of the offense and the age of the defendant at fifty-one.
>
> [Appellant], we've taken into consideration the nature of this offense, the seriousness of unlawful contact with a minor, a felony of the third degree, punishable by a term of imprisonment of up to seven years and a fine of up to $15,000.00. We've considered the number of offenses to which you've been found guilty and we've reviewed a presentence report, considered your prior record, taken into consideration your rehabilitative needs and the gravity of this offense and we feel a lesser sentence would depreciate from the seriousness of this crime and we feel you are in need of correctional treatment that can be provided most effectively by your commitment to an institution.

Sentencing Transcript (pp. 18-19).

The [c]ourt considered the nature and gravity of the offense, the statutory limit of incarceration, the Pennsylvania Sentencing Guidelines, and the presentence report.[4] The reasoning of the [c]ourt as set forth in the sentence colloquy adequately supports the sentence imposed against Appellant. Therefore, Appellant's final issue is without merit.

(Trial Court Opinion at 10-12). We accept the court's reasoning. Therefore,

---

[4] Where a sentencing court had the benefit of a post-sentence investigative report, the law presumes the court was aware of and weighed the relevant information regarding the defendant's character and mitigating factors. **See Commonwealth v. Tirado**, 870 A.2d 362 (Pa.Super. 2005).

Appellant's discretionary aspects of sentencing issue merits no relief.

Moreover, we recognize that an appellant may not successfully advance a new theory of relief for the first time on appeal. ***Commonwealth v. Haughwout***, 837 A.2d 480, 486 (Pa.Super. 2003) (citation omitted). "An appellate court should not address constitutional issues unnecessarily or when they are not properly presented and preserved in the trial court for our appellate review." ***Commonwealth v. Berryman***, 649 A.2d 961, 973 (Pa.Super. 1994) (citation omitted). Here, Appellant challenges the constitutionality of his lifetime registration requirement for the first time in his brief. Appellant failed to raise this claim at sentencing, in a post-sentence motion, or in his Rule 1925(b) statement. Therefore, Appellant's claim is waived. ***See id.***; ***Haughwout, supra***. Moreover, even if properly preserved, Appellant's challenge to the constitutionality of his lifetime registration requirement would merit no relief as Pennsylvania law states that the registration requirements under SORNA do not constitute criminal punishment. ***See Commonwealth v. McDonough***, 96 A.3d 1067 (Pa.Super. 2014) (rejecting argument that SORNA unconstitutionally required defendant to register for period that exceeded statutory maximum sentence for associated crime; stating SORNA registration requirements are product of remedial legislation with non-punitive goal of public safety). Accordingly, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: _12/29/2015_

IN THE COURT OF COMMON PLEAS OF FAYETTE COUNTY,
PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA, : CRIMINAL ACTION

v. :

DAVID ALLEN BRICKER, : NO. 835 OF 2014

      Defendant/Appellant. :

_____ : JUDGE JOSEPH M. GEORGE, JR.

**ATTORNEYS AND LAW FIRMS**

Mark Mehalov, Esquire, Assistant District Attorney, *For the Commonwealth*

Shane M. Gannon, Esquire, Assistant Public Defender, *For the Appellant*

# OPINION

GEORGE, J.                                         July 27, 2015

Following a trial by jury, Appellant, David Allen Bricker, was found guilty of one count of Unlawful Contact with a Minor,[1] one count of Indecent Assault, Person Less Than 16 Years of Age,[2] and one count of Harassment, Subject Other to Physical Contact.[3] On May 13, 2015 this Court sentenced Appellant to a term of imprisonment for a period of not less than three and one-half (3½) years nor more than seven (7) years. Additionally, Appellant was deemed a Sexually Violent Predator (SVP) and informed of his duty to register for life under Pennsylvania's Sexual Offender

---

[1] 18 Pa. C.S. § 6318(a)(1).

[2] 18 Pa. C.S. § 3126(a)(8).

[3] 18 Pa. C.S. § 2709(a)(1).

1

Registration and Notification Act (SORNA).[4] Appellant filed a timely post-sentence motion and this Court denied same. He filed a direct appeal to the Superior Court of Pennsylvania. This Opinion is in support of the jury verdict and the sentencing order.

## CONCISE ISSUES

Appellant filed the following Statement of Errors Complained of on Appeal:

1. Did the Trial Court err in denying Appellant's Motion in Limine, which sought to exclude emails and text messages purportedly authored by Appellant to Complainant and all testimony concerning said emails and text messages?

2. Did the Commonwealth fail to provide sufficient evidence to prove beyond a reasonable doubt that Appellant intentionally contacted the child victim for the purpose of engaging in an activity prohibited under Chapter 31 of the Crimes Code?

3. Did the Commonwealth fail to provide sufficient evidence to prove beyond a reasonable doubt that Appellant had indecent contact as defined pursuant to 18 P.A. C.S.A. § 3101 with child victim?

4. Did the Sentencing Court impose a harsh, severe, and manifestly unreasonable and excessive sentence in light of the circumstances surrounding the alleged incident?

## FACTS

In October of 2013,                    the minor victim, met Appellant David Bricker through her neighbor, Lora Rulli, who was dating Appellant at the time. (T.T. pp. 13, 33). Ms. Rulli knew Appellant as David Kennedy and introduced him to the victim as such. (T.T. pp. 13, 33). After they met, Appellant and the victim started communicating with each other. Their communications took many forms, whether it was in person or electronically. (T.T. p. 14). The victim testified she obtained Appellant's online contact information from Appellant so they could communicate

---

[4] 42 Pa. C.S. § 9799.10 *et seq.*

2

with each other over the internet.[5] (T.T. pp. 14-15). She testified they would communicate online "every once in a while" and the content of the conversations included things only the two of them knew about. (T.T. pp. 14-15). Specifically, he testified he would tell her he wanted to be with her and he wanted to marry her. (T.T. p. 15).

One afternoon in November of 2013, Ms. Rulli and Appellant asked the victim and her brother,                    to help clean her attic. (T.T. pp. 15, 29, 34). Appellant, the victim, and her brother were cleaning the attic; Ms. Rulli only came up to the attic periodically. (T.T. pp. 16, 34). While they were cleaning the attic, Appellant on several occasions asked the victim's brother to take chairs downstairs, leaving the victim and Appellant alone in the attic. (T.T. pp. 16, 29-30).

While Appellant was alone in the attic with the victim, he told her that he loved her and not to tell anyone. (T.T. p. 22). Appellant also kissed the victim on the lips and grabbed and squeezed her buttocks. (T.T. pp. 16-17). This was corroborated by the victim's brother, who testified that before he went downstairs, he saw Appellant kiss his sister on the lips and grabbed her buttocks. (T.T. p. 30).

About a month later, Patrick Ruff, a Connellsville City Police Officer, was notified that the victim's father found messages between Appellant and the victim. (T.T. pp. 17-18). The case was initially reported to Officer Ruff regarding a person named David Kennedy; however, throughout his investigation, Officer Ruff ascertained David Kennedy's real name to be David Allen Bricker. (T.T. p. 38).

---

[5] Ms. Rulli testified it was her belief the minor victim created an online profile for Appellant on her computer. (T.T. p. 35).

3

Officer Ruff also determined that _the victim's_ date of birth is July ___ 1998 and Appellant's date of birth is June ___ 1962. Therefore the child victim was fifteen (15) years of age and the Appellant was fifty-one (51) years of age at the time of the offense. (T.T. pp. 12-13, 39).

## DISCUSSION

### I. The Court did not err in allowing the victim to testify about electronic communications between Appellant and the victim

Appellant contends in his first concise issue that the Court erred in not excluding emails and text messages purportedly authored by Appellant to the victim, as well as any testimony on said communications. During trial, Appellant argued that the Commonwealth could not authenticate that any electronic messages to the victim came from Appellant. We believe the issue was one of credibility and was up to the jury to determine its weight rather than an issue of admissibility.

"To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Pa. R.E. 901(a). Here, the Commonwealth did not admit into evidence any physical evidence regarding electronic communications between the victim and Appellant. Instead, the only mention of said communications came from witness testimony, specifically from the victim. The victim testified that Appellant gave her his online contact information so that they could communicate with each other. Moreover, the victim testified that the conversations between her and Appellant on the chat thread were only about things that she and Appellant knew about.

4

It is the role of the jury to determine the credibility and believability of a witness and to determine the weight their testimony is to be given. *Commonwealth v. Feathers*, 660 A.2d 90, 95 (Pa. Super. 1995). Since only testimony was presented on the issue, it was up to the jury to determine whether they believed the victim's testimony. Therefore, Appellant's first concise issue is without merit.

## II. The Commonwealth provided sufficient evidence that Appellant intentionally contacted the victim

Appellant's next concise issue is whether the Commonwealth proved beyond a reasonable doubt that Appellant intentionally contacted the victim for purposes of engaging in behavior prohibited under Chapter 31 of the Crimes Code.

> The standard of review for a challenge to the sufficiency of the evidence is to determine whether, when viewed in a light most favorable to the verdict winner, the evidence at trial and all reasonable inferences therefrom is sufficient for the trier of fact to find that each element of the crimes charged is established beyond a reasonable doubt. The Commonwealth may sustain its burden of proving every element beyond a reasonable doubt by means of wholly circumstantial evidence.
>
> The facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubt raised as to the accused's guilt is to be resolved by the fact-finder. [In this context, Courts] do not assess credibility nor . . . assign weight to any of the testimony of record. Therefore, we will not disturb the verdict unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances.

*Commonwealth v. Vogelsong*, 90 A.3d 717, 719 (Pa.Super. 2014).

On Count 1, Appellant was charged with Unlawful Contact with a Minor. To be guilty of this crime, the Commonwealth must prove beyond a reasonable doubt

5

that a person intentionally contacted or communicated with the minor for the purpose of engaging in an unlawful act under Chapter 31 of the Crimes Code, relating to sexual offenses. Pa. C.S. § 6318(a)(1); *Commonwealth v. Morgan*, 913 A.2d 906, 910 (Pa. Super. 2006). Although the victim's testimony made up a large amount of the evidence presented in this case, a victim's testimony alone may be enough to establish guilt in sexual offense cases. 18 Pa. C.S. § 3106; *see also Commonwealth v. Purcell*, 589 A.2d 217, 221 (Pa. Super. 1991); *Commonwealth v. Cody*, 584 A.2d 992, 993 (Pa. Super. 1991). After reviewing the evidence offered at trial, we believe the Commonwealth satisfied its burden.

First, Appellant had contact with the victim. Contact can include any direct or indirect contact or communication including in person, through an electronic communication system or computer communications. 18 Pa. C.S. § 6318(c). The contact occurred on multiple occasions when Appellant communicated with the victim through internet messaging over the computer. *See Morgan*, 913 A.2d at 911 (contact proscribed by 18 Pa. C.S. § 6318 occurred when Appellant engaged in two online instant message exchanges with a minor). Contact also occurred when Appellant and the victim were in the attic together at Lora Rulli's house in November. It was on that day in the attic when Appellant kissed the victim on her lips and grabbed and squeezed her buttocks.

Appellant's contact with the victim was also intentional. The victim testified she got Appellant's online contact information from Appellant himself. This fact provides a reasonable inference of Appellant's intent to contact the victim. If

6

Appellant had no intent on contacting the victim, he would not have furnished such information to her. Even if the victim created an online account for Appellant, as Ms. Rulli testified to, the act of getting on the computer, signing into the account, and communicating with the victim goes towards his intent of contacting her.

Furthermore, testimony revealed that the victim was born on July      1998, making her fifteen years old at the time of the incident. Since she was fifteen years old at the time of the incident, she was considered a minor under the law. 18 Pa. C.S. § 6318(c).

Sufficient evidence was also provided by the Commonwealth to establish that the contact was for the purpose of engaging in an unlawful act under Chapter 31 of the Crimes Code, specifically indecent assault. The victim testified that the content of the internet messaging communications included how Appellant wanted to be with her and wanted to marry her. Moreover, when the victim and her brother were with Appellant in the attic, Appellant made the victim's brother take chairs down to the basement, leaving Appellant alone with the victim. Thus, a jury could reasonably have found Appellant took these actions for the purpose of engaging in a sexual act with the victim. *See Morgan*, 913 A.2d at 911 (it was reasonable for the jury to find that the letters, instant messages, and visit to the victim's home was made for the purpose of rekindling their sexual relationship). Therefore, Appellant's second concise issue is without merit.

III.    **The Commonwealth provided sufficient evidence that Appellant had indecent contact with the victim**

7

Appellant's next concise issue is whether the Commonwealth proved beyond a reasonable doubt that Appellant had indecent contact with the victim as defined pursuant to 18 Pa. C.S. § 3101. Appellant was charged and found guilty of Indecent Assault, Person Less Than 16 Years of Age.

> **(a) Offense defined.**--A person is guilty of indecent assault if the person has indecent contact with the complainant, causes the complainant to have indecent contact with the person or intentionally causes the complainant to come into contact with seminal fluid, urine or feces for the purpose of arousing sexual desire in the person or the complainant and:
>
> ...
>
> (8) the complainant is less than 16 years of age and the person is four or more years older than the complainant and the complainant and the person are not married to each other.

18 Pa. C.S. § 3126(a)(8).

Thus, in order for Appellant to be convicted of this offense, the Commonwealth had to provide sufficient evidence that Appellant had indecent contact with the victim. Indecent contact is defined as "any touching of the sexual or other intimate parts of the person for the purpose of arousing or gratifying sexual desire, in any person." 18 Pa. C.S. § 3101.

Keeping in mind the standard articulated above on a challenge to the sufficiency of the evidence, a reasonable jury could have found that Appellant had indecent contact with the victim. The victim testified Appellant kissed her on her lips and grabbed and squeezed her buttocks. Her testimony was corroborated by her brother who also testified that he witnessed Appellant kiss her and grab her buttocks.

8

Furthermore, the parts of the victim's body that Appellant came into contact with, her lips and buttocks, does count as "sexual or other intimate parts of the person." *See Commonwealth v. Capo*, 727 A.2d 1126 (Pa. Super. 1999) (evidence was sufficient to support defendant's conviction for indecent assault when defendant attempted to kiss the victim on the mouth, reaching only her face and neck and rubbed the victim's shoulders, back, and stomach).

A jury could also find that this contact was for the purpose of arousing or gratifying sexual desire in any person. The jury heard testimony that Appellant told the victim he loved her and he wanted to marry her. These statements in conjunction with the physical contact of the victim go towards his purpose for such actions, to arouse or gratify sexual desire. Since sufficient evidence was provided that Appellant had indecent contact with the victim, then Appellant's third concise issue is without merit.

IV.     **The sentence imposed against Appellant is reasonable as it fell within the statutory maximum and adequate reasoning was given for the Court's deviation from the sentencing guidelines**

Appellant's final concise issue is whether the sentencing court imposed an excessive and manifestly unreasonable sentence in light of the circumstances surrounding the incident. Appellant's claim of error with regard to the sentence imposed by the Court is a challenge to the discretionary aspects of the sentence.

Imposition of a sentence is vested in the discretion of the sentencing court and will not be disturbed absent a manifest abuse of discretion. *Commonwealth v. Vasquez*, 560 Pa. 381, 384-85, 744 A.2d 1280, 1282 (2000). An abuse of discretion is

9

not shown merely by an error in judgment; rather, the Appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision. *Commonwealth v. Mastromarino*, 2 A.3d 581, 589 (Pa. Super. 2010). A sentence imposed is not excessive if it does not exceed statutory limits and the sentencing colloquy clearly demonstrates that the sentencing court carefully considered all evidence relevant to the determination of a proper sentence. *Commonwealth v. Burtner*, 453 A.2d 10, 12 (Pa. Super. 1982).

Appellant was convicted of Unlawful Contact with a Minor, Indecent Assault, Person Less Than 16 Years of Age, and Harassment. Appellant was thereafter sentenced on the Unlawful Contact with a Minor conviction to a term of imprisonment of not less than 3 ½ years nor more than 7 years.[6] Appellant's sentence did not exceed the statutory maximum. Unlawful Contact with a Minor is a felony of the third degree, which carries with it a maximum of seven years. 18 Pa. C.S. § 1103(3). Appellant was sentenced up to seven years, falling within the maximum sentence.

Under the provisions of the Pennsylvania Sentencing Guidelines, Unlawful Contact with a Minor carries with it an offense gravity score of six. Taking into consideration Appellant's prior record score of four, the guidelines called for a standard range minimum of 15 to 21 months, an aggravated range minimum of 21 to 27 months, and a mitigated range minimum of 9 to 15 months. The sentence imposed

---

[6] On the remaining convictions, this Court accepted the guilty verdict without imposing a further penalty.

10

by the Court of not less than 3 ½ years nor more than 7 years fell above the aggravated range.

Although Appellant's sentence fell outside the guidelines, his sentence was appropriate. The sentencing guidelines, though important, are only one factor, and they do not create a presumption. *Commonwealth v. Walls*, 592 Pa. 557, 575, 926 A.2d 957, 967 (2007). Thus, the guidelines are merely advisory and not binding on the Court. *Commonwealth v. Feucht*, 955 A.2d 377, 383 (Pa. Super. 2008). It is only required that the Court provide a contemporaneous written statement if it deviates from the guidelines. *Id.*

When a sentencing court deviates from the sentencing guidelines, it is important that the Court reflect a consideration of the sentencing guidelines, the background and character of the defendant, the circumstances of the crime, and impose a sentence that is consistent with the protection of the public and the rehabilitative needs of the defendant. *Commonwealth v. Hoch*, 936 A.2d 515 (Pa. Super. 2007). Following the imposition of sentence, the Court placed on the record the reason why it departed from the sentencing guidelines.

> As a departure, the Court, having imposed this sentence above the aggravated sentencing guideline range, has done so due to the serious nature of this offense, the prior Allegheny County rape conviction, the defendant's complete lack of remorse, the age of the victim at fifteen at the time of the offense and the age of the defendant at fifty-one.
>
> Mr. Bricker, we've taken into consideration the nature of this offense, the seriousness of unlawful contact with a minor, a felony of the third degree, punishable by a term of imprisonment of up to seven years and a fine of up to

11

$15,000.00. We've considered the number of offenses to which you've been found guilty and we've reviewed a presentence report, considered your prior record, taken into consideration your rehabilitative needs and the gravity of this offense and we feel a lesser sentence would depreciate from the seriousness of this crime and we feel you are in need of correctional treatment that can be provided most effectively by your commitment to an institution.

Sentencing Transcript (pp. 18-19).

The Court considered the nature and gravity of the offense, the statutory limit of incarceration, the Pennsylvania Sentencing Guidelines, and the presentence report. The reasoning of the Court as set forth in the sentence colloquy adequately supports the sentence imposed against Appellant. Therefore, Appellant's final issue is without merit.

Wherefore, it is respectfully submitted that this appeal is without merit and should be denied.

BY THE COURT:

_____
JOSEPH M. GEORGE, JR., JUDGE

ATTEST:

_____
CLERK OF COURTS

FILED
2015 JUL 27 PM
JANICE SIMON
FAYETTE COUNTY
CLERK

12