J-S17010-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| VINCENT A. CORTLESSA, SR. | |
| Appellant | No. 574 WDA 2015 |

Appeal from the Judgment of Sentence March 12, 2015
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0010837-2014

BEFORE:  GANTMAN, P.J., SHOGAN, J., and FITZGERALD, J.*

MEMORANDUM BY GANTMAN, P.J.:                     **FILED APRIL 07, 2016**

Appellant, Vincent A. Cortlessa, Sr., appeals from the judgment of sentence entered in the Allegheny County Court of Common Pleas, following his jury trial convictions of theft by unlawful taking or disposition and criminal mischief.[1]  We affirm.

In its opinion, the trial court fully and correctly sets forth the relevant facts of this case.  Therefore, we have no reason to restate them. Procedurally, the Commonwealth charged Appellant with theft by unlawful taking or disposition and criminal mischief on September 19, 2014.  On March 11, 2015, Appellant proceeded to a jury trial; and the jury convicted

_____

[1] 18 Pa.C.S.A. §§ 3921(a) and 3304(a)(5), respectively.

_____

*Former Justice specially assigned to the Superior Court.

Appellant of both charged offenses on March 12, 2015. That same day, the court sentenced Appellant to a term of eighteen (18) to thirty-six (36) months' incarceration for Appellant's theft by unlawful taking or disposition conviction and no further penalty for Appellant's criminal mischief conviction. The court also ordered Appellant to pay the victim, Moses Electrical, restitution in the amount of $1,027.58. On April 9, 2015, Appellant filed a timely notice of appeal. On April 20, 2015, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Appellant complied on July 10, 2015.[2]

Appellant raises the following issue for our review:

> THE COMMONWEALTH FAILED TO PRESENT EVIDENCE SUFFICIENT TO CONVICT [APPELLANT] OF THE CRIMES OF THEFT BY UNLAWFUL TAKING AND CRIMINAL MISCHIEF AS THE JURY NECESSARILY ENGAGED IN SPECULATION AND CONJECTURE WHEN CONSIDERING THE EVIDENCE THAT [APPELLANT] WAS THE INDIVIDUAL WHO STOLE THE ITEMS IN QUESTION FROM THE VEHICLE TRAILER AND THEREFORE FAILED TO MEET ITS BURDEN OF PROVING [APPELLANT] GUILTY BEYOND A REASONABLE DOUBT[?]

(Appellant's Brief at 8).

---

[2] From the face of the record, Appellant's Rule 1925(b) statement appears to be untimely. During the appeal process, trial counsel withdrew and the court appointed new counsel to represent Appellant on appeal. This change in counsel may account for the late filing of Appellant's Rule 1925(b) statement. Nevertheless, we decline to waive Appellant's issue on appeal because the trial court received the statement and ultimately addressed Appellant's issue in a written opinion. *See Commonwealth v. Burton*, 973 A.2d 428 (Pa.Super. 2009) (*en banc*) (allowing for immediate review under these circumstances).

Our standard of review for sufficiency of the evidence claims implicates the following legal principles:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [finder] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Jones*, 874 A.2d 108, 120-21 (Pa.Super. 2005) (quoting *Commonwealth v. Bullick*, 830 A.2d 998, 1000 (Pa.Super. 2003)).

Section 3921 of the Crimes Code defines the offense of theft by unlawful taking or disposition in relevant part as follows:

**§ 3921. Theft by unlawful taking or disposition**

**(a) Movable property**.—A person is guilty of theft if he unlawfully takes, or exercises unlawful control over, movable property of another with intent to deprive him thereof.

18 Pa.C.S.A. § 3921(a). Movable property is "property the location of which can be changed, including documents, and anything of value, including tangible and intangible personal property." *Commonwealth v. Stetler*, 95 A.3d 864, 884 (Pa.Super. 2014), *appeal denied*, ___ Pa. ___, 108 A.3d 35 (2015). *See also* 18 Pa.C.S.A. § 3901. "Further, 'property of another' includes property in which 'any person other than the actor has an interest which the actor is not privileged to infringe.'" *Id.*

Section 3304 of the Crimes Code defines the offense of criminal mischief in relevant part as follows:

**§ 3304.  Criminal mischief**

**(a) Offense defined.**—A person is guilty of criminal mischief if he:

\* \* \*

(5) intentionally damages real or personal property of another;

18 Pa.C.S.A. § 3304(a)(5).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Edward J. Borkowski, we conclude Appellant's issue merits no relief. The trial court opinion comprehensively discusses and properly disposes of the question presented. (*See* Trial Court Opinion, filed August 26, 2015, at 6-8) (finding: evidence established Appellant's van matched van in surveillance video of theft, Appellant's physical appearance matched individual seen in

surveillance video of theft, Appellant was only individual with access to his van, and Appellant became visibly nervous when Officer Beatty questioned Appellant about theft; additionally, when viewing surveillance video of theft at police station, Appellant's body language indicated consciousness of guilt; after viewing surveillance video and all of Commonwealth's evidence, jury concluded Appellant was individual who committed crimes captured by surveillance cameras; thus, evidence was sufficient to sustain Appellant's convictions of theft by unlawful taking or disposition and criminal mischief). Accordingly, we affirm on the basis of the trial court opinion.

Judgment of sentence affirmed.

Judge Shogan joins this memorandum.

Justice Fitzgerald concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/7/2016

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY,
PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA,        CRIMINAL DIVISION

APPELLEE,

V.

VINCENT CORTLESSA, SR.,                CC NO.: 201410837

APPELLANT.


ORIGINAL
Criminal Division
Dept. of Court Records
Allegheny County, PA.

574 WDA 2015

**OPINION**

FILED BY:

THE HONORABLE
EDWARD J. BORKOWSKI

COPIES TO:

Patrick Nightingale, Esq.
210 Grant Street
Suite 401
Pittsburgh, PA 15219

Michael Streily, Esq.
Office of the District Attorney
401 Allegheny County Courthouse
436 Grant Street
Pittsburgh, PA 15219

# IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA,     CRIMINAL DIVISION

APPELLEE                          CC NO.: 201210837

V.

VINCENT CORTLESSA SR.,

APPELLANT.

## OPINION

BORKOWSKI, J.

## PROCEDURAL HISTORY

Appellant was charged by criminal information (CC 201210837) with one count of theft by unlawful taking,[1] and one summary count of criminal mischief.

On March 11-12, 2015, Appellant proceeded to a jury trial, at the conclusion of which Appellant was found guilty of both charges.

On March 12, 2015, Appellant was sentenced by the Trial Court to eighteen to thirty six months incarceration at the count of theft by unlawful taking, with an applicable RRRI sentence of thirteen months, fifteen days.[2] This sentence was

---

[1] 18 Pa. C.S. § 3921(a).
[2] The designation "RRRI" refers to Recidivism Risk Reduction Incentive. 61 Pa. C.S. §§ 4501-4512.

2

ordered to be served consecutive to any sentence Appellant was then serving. Appellant was also ordered to pay restitution in the amount of $1027.58.

Appellant did not file post-sentence motions. On April 9, 2014, Appellant filed a timely notice of appeal.

## STATEMENT OF ERRORS ON APPEAL

Appellant's claims are set forth below exactly as Appellant presented them:

a. The Commonwealth failed to present evidence sufficient to convict Defendant of the crimes of Theft By Unlawful Taking and Criminal Mischief as the jury necessarily engaged in speculation and conjecture when considering the evidence that Defendant was the individual who stole the items in question from the vehicle trailer and therefore failed to meet its burden of proving Defendant guilty beyond a reasonable doubt;
b. The trial court abused its discretion when it sentence Defendant to a period of incarceration of 18-36 months to run consecutively to a sentence Defendant was then serving; and
c. The trial court abused its discretion when it permitted Officer Beatty to testify to the change in Defendant's physical demeanor when confronted about the theft and when shown the surveillance video of the theft the following day.

## FINDINGS OF FACT

Shortly before 6:00 A.M. on May 24, 2014, Appellant drove to Moses Electrical at 2300 State Route 51, Jefferson Hills, Allegheny County. (T.T. 39).[3] Upon arriving, Appellant exited his minivan and walked to a large storage trailer on the property. He cut the lock off of the rear doors of the trailer and removed $9000 worth of professional grade construction equipment from the trailer. He

---

[3] The designation "T.T." followed by numerals refers to Trial Transcript, March 11-12, 2015.

placed the equipment in his van, making several trips to and from the trailer to accomplish this. (T.T. 33-34, 39). Appellant left Moses Electrical at 6:03 A.M. and entered Route 51 South driving towards Elizabeth Bridge. Appellant's vehicle was somewhat distinctive because of its age and condition, to wit: the vehicle had a very faded silver-gray color, a dark pinstripe molding, missing hubcaps, and a different colored front bumper. (T.T. 43, 100-101). The aforementioned activity was captured by a video surveillance system in place at Moses Electrical.

Shortly after 7:00 A.M., owner Mark Moses arrived at the business. (T.T. 33). Moses noticed the storage trailer's back door was open, and upon looking into it immediately noticed that multiple pieces of construction equipment were missing. Moses reviewed his surveillance system and called the police to report the incident. He also informed the police of the existence of video surveillance which captured Appellant making multiple trips to and from the storage trailer. (T.T. 33-34). Detective Jeff Beatty of the Jefferson Hills Police Department reviewed the video surveillance and disseminated the surveillance footage to his fifteen-officer police department, as well as to various police departments along the Route 51 corridor. (T.T. 46-47). Detective Beatty also showed the surveillance footage to Pennsylvania State Constable Dale Withers because Withers regularly traveled the Route 51 corridor during the course of his constable duties. (T.T 48).

4

Six weeks later, Withers observed a van on Route 51 matching the vehicle in the surveillance video. Withers noted the license plate number and sent it to Detective Beatty. (T.T. 48-49). Detective Beatty traced the van to Appellant at 135 Landfill Drive, Alverton, Pennsylvania, and he proceeded to that location on July 31, 2014. (T.T. 50). Once there, Detective Beatty observed a silver Ford Windstar minivan in the driveway and he confirmed the license plate number given to him by Withers. (T.T. 50). The minivan clearly matched the distinctive van that appeared in the surveillance video. (T.T. 50-51). Detective Beatty identified himself to Appellant as a police officer and they proceeded to talk further. (T.T. 51). Appellant confirmed that the van in the driveway was his, he worked in construction, no one else was allowed to use the van, and he occasionally utilized Route 51 going to and from work sites. (T.T. 52-53).

Detective Beatty informed Appellant that he was investigating a theft of construction equipment from a locked trailer in Jefferson Hills. (T.T. 53). When he mentioned the particulars of the theft, Detective Beatty noticed a perceptible change in Appellant's demeanor. (T.T. 53). Appellant's breathing immediately changed to short and shallow, and his carotid artery began visibly pulsating. (T.T. 53). Detective Beatty asked Appellant if he would come to the police station for interviewing purposes and to view the surveillance video. (T.T. 54). Appellant paused and stated that he "was doing good, not doing drugs, and not stealing other

5

peoples' stuff." (T.T. 54). After making this remark, Appellant agreed to the interview, and Detective Beatty scheduled a meeting for further questioning at the Jefferson Hills Police Station for the next day, August 1, 2014, at 5:30 A.M. (T.T. 61). The next day, Appellant repeatedly contacted the detective and pushed the time back, making multiple excuses for the delays. Appellant finally appeared at the station at 5:30 P.M. Detective Beatty showed Appellant the surveillance video and looked for Appellant's reaction to the video. When Appellant viewed the surveillance video and observed his face as he walked out from behind the trailer, Appellant's eyes watered, his facial expression tensed, and he lowered his head downward. The interview ended at that time and Detective Beatty arrested Appellant and charged him as noted hereinabove. (T.T. 61-62, 68).

DISCUSSION

I.

Appellant alleges in his first claim that the evidence was insufficient to convict Appellant of theft by unlawful taking and criminal mischief based on the argument that the evidence establishing Appellant as the individual who committed the theft was speculation and conjecture. This claim is without merit.

The standard of review for sufficiency of the evidence claims has been stated thusly:

> The standard we apply when reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in

6

the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced is free to believe all, part or none of the evidence.

*Commonwealth v. Gray*, 867 A.2d 560, 567 (Pa. Super. 2005). Here, Appellant does not otherwise challenge the elements of the crimes for which he was convicted. Rather, he alleges that the Commonwealth failed to prove beyond a reasonable doubt that he was the individual who committed the crimes.

Contrary to Appellant's assertion, the evidence was sufficient to establish that Appellant was the individual who committed the theft, and the jury's verdict in that regard was not based on speculation or conjecture. To wit, the evidence established that: (1) Appellant was the only individual with access to his van; (2) Appellant's van matched the van used in the theft; (3) Appellant's physical description matched the individual captured on the surveillance video; (4) Appellant became visibly nervous when questioned about the theft; (5) Appellant

exhibited body language evidencing consciousness of guilt while viewing the surveillance video, which included footage of the culprit's face; and, (6) the jury observed the surveillance video and concluded that Appellant was the individual in the video. (T.T. 51-54, 68, 122). It is well settled that the fact finder can draw its own conclusions by viewing a surveillance video. *See Commonwealth v. Childs*, 63 A.3d 323, 327 (Pa. Super. 2013) (video surveillance was sufficient evidence for the fact finder to identify defendant). This evidence was sufficient to establish that Appellant was the individual who committed the crimes of theft by unlawful taking and criminal mischief. *Child, supra. See also Commonwealth v. Orr*, 38 A.3d 868, 874-875 (Pa. Super. 2011) (despite the lack of an in-court identification of defendant, common items of clothing and general physical characteristics can be considered along with other circumstances to establish the identity of defendant).

Appellant's claim is without merit.

## II.

Appellant alleges in his second claim that the Trial Court abused its discretion in sentencing Appellant to a period of incarceration of eighteen to thirty six months, to be served consecutive to any sentence he was then serving. A defendant challenging the discretionary aspects of his sentence must satisfy a four-part test in order to invoke the Superior Court's jurisdiction to review his claim:

> (1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a

motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (quotations and citations omitted). Here, Appellant did not lodge an objection at the time of his sentencing, and he did not file a post sentence motion challenging the discretionary aspects of his sentence. As such, this claim is waived. *See Commonwealth v. Mann*, 820 A.2d 788, 794 (Pa. Super. 2003) (challenge to discretionary aspects of sentence raised for first time on appeal are waived).

Even if not waived, Appellant's claim lacks merit. Initially it must be noted that Appellant's sentence was a standard range sentence, and was ordered to run consecutive to any sentence Appellant was then serving. Generally, the decision of whether to run sentences concurrently or consecutively lies in the sound discretion of the sentencing court. *Commonwealth v. Hoag*, 665 A.2d 1212, 1214 (Pa. Super. 1995). A challenge to the decision to sentence consecutively rather than concurrently will only raise a substantial question where that decision "raises the aggregate sentence to, what appears upon its face to be, an excessive level in light of the criminal conduct at issue in the case." *Commonwealth v. Dodge*, 77 A.3d 1263, 1269 (Pa. Super. 2013). Here, Appellant was convicted of theft by unlawful taking, sentenced to eighteen to thirty six months incarceration to be served consecutive to any sentence he was then serving, and was found to be RRRI

9

eligible. In imposing that sentence, the Trial Court considered "the nature of the circumstances, his background as indicated on the sentencing guidelines form, [and] the nature of the offense itself." (T.T. 158). Appellant has not set forth a plausible argument that his aggregate sentence is *prima facie* excessive, and thus Appellant has failed to raise a substantial question. *See Commonwealth v. Pass*, 914 A.2d 442, 446-447 (Pa. Super. 2006) (defendant failed to raise a substantial question that his new sentence, which was ordered to run consecutive to a previously imposed sentence, was excessive).

### III.

Appellant alleges in his final claim that the Trial Court abused its discretion in permitting Officer Beatty to testify regarding Appellant's change in physical demeanor when confronted with the circumstances of the theft and upon viewing the surveillance video. Appellant's claim is without merit.

Evidentiary rulings are within the sound discretion of the trial court, and will not be overturned on appeal absent a clear abuse of discretion. *Gray*, 867 A.2d at 569-570. Lay witnesses are permitted to testify regarding the existence of a readily observable physical condition. *Commonwealth v. Cody*, 584 A.2d 992, 995 (Pa. Super. 1991). Here, Officer Beatty testified to Appellant's reaction/demeanor during his interviews of Appellant: (1) initially at Appellant's home when Officer Beatty told Appellant of the circumstances of the theft, Appellant's breath became

shallower and shorter, and his carotid artery began to visibly pulsate; and, (2) the following day at the police station, upon observing the perpetrator in the video, Appellant's eyes welled up with water and he lowered his head downward. (T.T. 53-54, 68). The Trial Court overruled Appellant's objection to this testimony, determining that Appellant's physical reaction and change in demeanor was relevant and subject to observation by a lay witness. (T.T. 53). The Trial Court, however, sustained Appellant's objection and did not allow Officer Beatty to testify as to what caused the physical reactions. (T.T. 53-54). The Trial Court did not abuse its discretion in permitting Officer Beatty to testify regarding Appellant's physical condition and change in demeanor that Officer Beatty directly observed. *See Commonwealth v. Counterman*, 719 A.2d 284, 301 (Pa. 1998) (lay witnesses "may testify to distinct facts observed by him concerning the apparent physical condition or appearance of another").

Appellant's claim is without merit.

## CONCLUSION

Based upon the foregoing, the judgment of sentence imposed by this Court should be affirmed.

By the Court,

DATE: _August 26, 2015_

_Edward J. Borkowski_ ,J.

Edward J. Borkowski

12