J-S75003-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TOBY THOMAS | : | |
| | : | |
| Appellant | : | No. 2640 EDA 2017 |

Appeal from the Judgment of Sentence July 14, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0009398-2015,
CP-51-CR-0013089-2015

BEFORE:  PANELLA, J., NICHOLS, J., and MUSMANNO, J.

MEMORANDUM BY PANELLA, J.:                    **FILED JUNE 17, 2019**

Appellant, Toby Thomas, challenges the judgment of sentence entered in the Philadelphia County Court of Common Pleas, following his convictions for attempted rape and related offenses. We affirm his convictions, but vacate the determination that Appellant is a sexually violent predator ("SVP"), and remand for further proceedings.

Briefly, the relevant facts and procedural history of this case are as follows. Appellant was charged with engaging in surreptitious, repeated sexual abuse of his two daughters while they were between the ages of five and eleven. His older daughter first reported the abuse when she was fifteen years old, and his younger daughter reported shortly thereafter.

Appellant was arrested, and he proceeded to a bench trial. He was convicted of one count each of attempted rape, involuntary deviate sexual

intercourse with a child, statutory sexual assault, sexual assault, incest, and indecent exposure, and two counts each of endangering the welfare of a child, corruption of a minor, and indecent assault of a child less than thirteen.[1] The court deferred sentencing for a presentence investigation report, a mental health report, and an evaluation by the Sexual Offenders Assessment Board. At sentencing, the court imposed an aggregate term of seven to seventeen years' imprisonment, and deemed Appellant an SVP. Appellant timely filed a notice of appeal.[2] This case is now properly before us.[3]

Appellant first purports to challenge the sufficiency of the evidence sustaining his convictions. Appellant protests alleged inconsistencies in the victims' testimonies, especially when compared to the alibi testimony given by his brother and mother. This argument in fact contests the *weight* of the

_____

[1] 18 Pa.C.S.A. §§ 3121(a)(1); 3123(b); 3122.1; 3124.1; 4302; 3127(a); 4304(a); 6301(a)(1); and 3126(a)(7), respectively.

[2] Appellant's notice of appeal was filed August 14, 2017 – 31 days after his sentence was entered on the docket. However, as the thirtieth day fell on a Sunday, his notice of appeal was timely. ***See*** Pa.R.A.P. 903(a) (timely notice of appeal must be filed within thirty days); ***see also*** 1 Pa.C.S.A. § 1908 (when the thirtieth day of an appeal period falls on Saturday or Sunday, that day shall be omitted from the timeliness computation).

[3] Appellant filed a single notice of appeal from his two criminal docket numbers. This practice has been prohibited by our Supreme Court's recent ruling in ***Commonwealth v. Walker***, 185 A.3d 969 (Pa. 2018). ***Walker*** held that where a single order resolves issues on more than one lower court docket, an appellant must file separate notices of appeal at each docket number. ***See id.***, at 977. Failure to do so requires quashal. ***See id***. However, ***Walker*** was decided on June 1, 2018, and applied prospectively. As Appellant filed his single notice of appeal on August 14, 2017, before ***Walker*** was decided, we decline to quash.

evidence supporting his convictions. **See Commonwealth v. Richard**, 150 A.3d 504, 516 (Pa. Super. 2016) (reaffirming "a challenge to the weight of the evidence is distinct from a challenge to the sufficiency of the evidence in that the former concedes that the Commonwealth has produced sufficient evidence of each element of the crime, but questions which evidence is to be believed").

If we address his argument as a challenge to the sufficiency of the evidence, the claim is easily resolved. The testimony of a victim is sufficient, on its own, to establish a crime of sexual assault. **See Commonwealth v. Cody**, 584 A.2d 992, 993 (Pa. Super. 1991). Here, both victims provided extensive testimony that Appellant repeatedly assaulted and abused them. We have no trouble concluding that Appellant's sufficiency challenge merits no relief.

Even if we were to treat his claim as a challenge to the weight of the evidence, Appellant is due no relief. We do not review challenges to the weight of the evidence *de novo* on appeal. **See Commonwealth v. Rivera**, 983 A.2d 1211, 1225 (Pa. 2009). "[A]ppellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence." **Commonwealth v. Chine**, 40 A.3d 1239, 1243 (Pa. Super. 2012) (citation omitted).

In order to grant a new trial on the grounds that the verdict is against the weight of the evidence, "the evidence must be so tenuous, vague and uncertain that the verdict shocks the conscience of the court." **Id**., at 1243-

1244 (citations omitted). A verdict shocks the judicial conscience when "the figure of Justice totters on her pedestal," or when "the jury's verdict, at the time of its rendition, causes the trial judge to lose his breath, temporarily, and causes him to almost fall from the bench[.]" ***Commonwealth v. Davidson***, 860 A.2d 575, 581 (Pa. Super. 2004) (citations omitted).

An appellant wishing to challenge the weight of the evidence must properly preserve his claim for review. Such a claim must be preserved orally prior to sentencing, by a written motion before sentencing, or in a post-sentence motion. ***See*** Pa.R.Crim.P. 607(a). Failure to preserve a weight of the evidence challenge results in waiver. ***See Commonwealth v. Weir***, 201 A.3d 163, 167 (Pa. Super. 2018).

Here, Appellant failed to raise his weight claim challenge in a motion before or after sentencing. Instead, Appellant first contested the verdict as against the weight of the evidence in his Pa.R.A.P. 1925(b) statement, where he averred, "testimony from the plaintiffs are [sic] inconsistent." Appellant's Rule 1925(b) Statement, at 3. Because Appellant failed to preserve this issue before reaching the appellate stage, we cannot address it now. Consequently, Appellant is due no relief.

Appellant also challenges his designation as a sexually violent predator. Appellant believes this portion of his sentence is illegal. We are constrained to agree.

"Issues relating to the legality of a sentence are questions of law…. Our standard of review over such questions is *de novo* and our scope of review is

- 4 -

plenary." ***Commonwealth v. Barnes***, 167 A.3d 110, 116 (Pa. Super. 2017) (*en banc*) (citation omitted).

In ***Commonwealth v. Muniz***, our Supreme Court held that the registration requirements under the Sexual Offender Registration and Notification Act ("SORNA") constitute criminal punishment. ***See*** 164 A.3d 1189, 1193 (Pa. 2017). In light of that determination, this Court in ***Commonwealth v. Butler*** concluded, "section 9799.24(e) of SORNA [relating to SVP designation] violates the federal and state constitutions because it increases the criminal penalty to which a defendant is exposed without the chosen fact-finder making the necessary factual findings beyond a reasonable doubt." 173 A.3d 1212, 1218 (Pa. Super. 2017). Because the statute outlining SVP designation, 42 Pa.C.S.A. § 9799.24(e)(3), identifies the trial court as the sole fact-finder for SVP designations, the ***Butler*** court found this section unconstitutional.[4] ***See id***. The ***Butler*** panel vacated the appellant's SVP status and remanded to the trial court to issue appropriate notice under 42 Pa.C.S.A. § 9799.23, as to the appellant's registration obligation. ***See id***.

In light of ***Muniz*** and ***Butler***, Appellant's designation as an SVP constitutes an illegal sentence. Therefore, we vacate that portion of his

---

[4] The Pennsylvania Legislature has endeavored to resolve the issues raised in ***Muniz*** by passing a law to replace the invalidated portions of SORNA. ***See*** 2018 Pa. Legis. Serv. Act 2018-29 (H.B. 1952) (approved June 12, 2018) ("Act 29"), amending Title 42 (Judicial Procedure) of the Pennsylvania Consolidated Statutes. However, it does not amend the SVP provisions in 42 Pa.C.S.A. § 9799.24. ***See*** 42 Pa.C.S.A. § 9799.52 and 9799.55.

sentence finding him to be an SVP, and remand to the trial court to issue a revised reporting notice pursuant to 42 Pa.C.S.A. § 9799.23 (governing reporting requirements of sex offenders). As Appellant is otherwise due no relief, we affirm the remainder of his judgment of sentence.

Judgment of sentence affirmed in part and vacated in part. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/17/19